399 S.E.2d 913

**Lola Ann HUDSON**

v.

**Glenn O'Dell HUDSON.**

**No. 19624.**

Supreme Court of Appeals of West Virginia.

Dec. 14, 1990.

**2.** *See, State v. Van Isler,* 168 W.Va. 185, 283   S.E.2d 836 (1981).

R. Joseph Zak, Charleston, for Glenn O'Dell Hudson.

James B. McIntyre, McIntyre, Haviland & Jordan, Charleston, for Lola Ann Hudson.

**PER CURIAM:**

In this appeal, Glenn O'Dell Hudson asks us to reverse the December 20, 1989 order of the Circuit Court of Kanawha County which required him to pay $74,500 to his former wife, Lola Ann Hudson, as equitable distribution of monies received from the sale of billboards owned by the Hudson Sign Company. For the reasons set forth below, we reverse the order of the circuit court and remand for further proceedings.

When the divorce was granted, the circuit court determined that the Hudson Sign Company was marital property and ordered its assets divided equally between the parties. This division was consistent with the equitable distribution provisions of W.Va. Code, 48–2–32(d) (1984). In addition, the divorce order specifically provided that the billboards which had been sold by Mr. Hudson during the course of the parties' separation be valued and that Mr. Hudson pay Mrs. Hudson half of the value or purchase price received.

After a number of months had passed without any accounting for the sale proceeds by Mr. Hudson, Mrs. Hudson brought a contempt motion in circuit court. In response to this motion, the circuit court issued the subject order requiring Mr. Hudson to pay to Mrs. Hudson $74,500, representing one-half of the gross receipts of $149,000 resulting from the sale of certain billboards.

Mr. Hudson complains that this order, requiring division of gross receipts, violates W.Va.Code, 48–2–32(d)(1), which provides for determination of the net value of marital property.[1] He asserts that deduction should be made prior to distribution for state and federal income taxes on the

---

1. W.Va.Code, 48–2–32(d)(1), comes into play after a court has determined what is marital property. It requires the court to "[d]etermine the net value of all marital property of the parties as of the date of the commencement of the action or as of such later date determined by the court to be more appropriate for attaining an equitable result[.]"

sale proceeds. The total amount claimed was approximately $23,000.[2] He complains that he was denied the opportunity to develop the record on this point by the trial court. The judge ruled as a matter of law that his claim had no merit. We find this to be error.

 Net value is the pertinent inquiry in a determination of equitable distribution. As we stated in Syllabus Point 2 of *Tankersley v. Tankersley*, 182 W.Va. 627, 390 S.E.2d 826 (1990):

> "For purposes of equitable distribution, W.Va.Code, 48–2–32(d)(1) (1984), requires that a determination be made of the net value of the marital property of the parties."

The specific question to be determined in this case is whether the income tax liability on the proceeds affects the net value for purposes of equitable distribution. In Syllabus Point 4 of *Bettinger v. Bettinger*, 183 W.Va. 528, 396 S.E.2d 709 (1990), we held that an anticipated tax liability on a possible future sale will not affect net value:

> "The tax implications of a future sale of property to a third party are too speculative to allow for a tax deduction against the other spouse's share unless it can be ascertained under the court's decree that such sale will actually occur."

We did indicate, however, that present tax liability which could be definitively ascertained might be available as a deduction in determination of net value. We quoted, with approval, *Orgler v. Orgler*, 237 N.J. Super. 342, 356, 568 A.2d 67, 73–74 (App. Div.1989), in which the New Jersey court held that present tax consequences could affect net value:

> " '[T]he tax consequences resulting from a court-ordered sale of marital assets, or of a contemporaneous sale of assets by an ex-spouse necessary to meet his or her equitable distribution obligation, is not speculative at all. In such a circumstance, the ex-spouse is able to demonstrate the present tax consequence. Further, distribution of the *net* value in such a circumstance best attains an equitable distribution of the asset.' " 183 W.Va. at 535, 396 S.E.2d at 716. (Emphasis in original; citation omitted).

Because of the lack of any factual record, we do not intimate what the result should be. The complexity of the federal income tax law is such that the appellant should be permitted to produce relevant business records, including income tax returns. This should be accompanied by an adequate explanation by someone knowledgeable as to the tax consequences of the transaction. The appellee should be permitted in advance of the hearing, if desired, to have her expert review this information in order to verify its accuracy.

We, therefore, remand the case to the Circuit Court of Kanawha County for further proceedings consistent with this opinion.

Reversed and remanded.

2. Mr. Hudson also appears to claim an additional $36,000 deduction from the gross sales price because this money was used to retire the business's debts. We do not specifically rule on the point because of an inadequate record. However, it seems to us that any monies used to discharge debts of the business would enhance the calculation of net value. The billboards were marital property, as were the monies from the sale of them. These funds being used to retire debts of the business, which was also marital property, could not be claimed as a separate property payment by Mr. Hudson.